UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21271-ALTMAN/REID

JONPAUL NADEAU

    Plaintiff,

v.

CONDO BLACK BOOK, LLC, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, <u>AND ASSET FREEZE</u>**

THIS CAUSE is before the Court on Plaintiff Jonpaul Nadeau's Ex Parte Motion for Temporary Restraining Order, Preliminary Injunction, and Asset Freeze ("Motion"). [ECF No. 8]. The Motion was referred to me for a report and recommendation by United States District Judge Roy K. Altman. [ECF No. 12]; 28 U.S.C. § 636. For the reasons discussed below, the Court **RECOMMENDS** that Plaintiff's Motion for Temporary Restraining Order be **DENIED**.

**I.     BACKGROUND**

According to the Complaint, Plaintiff JonPaul Nadeau is a professional photographer and videographer providing services through his company, Aremac Photography. [ECF Nos. 1, 6]. The photographs, which are taken by high-end photographic equipment such as drones, showcase real estate properties throughout South Florida. [ECF No. 6 at 3]. Plaintiff licenses his images for use to a range of companies, including realtors, interior designers, and builders. [*Id.*]. Attached to the

1

Complaint are copies of Plaintiffs' photographs and the copyright registration corresponding to each photograph ("Original Photographs"). *See generally* [ECF No. 6].

Plaintiff filed the Complaint on April 3, 2023, alleging that Defendants have willfully and unlawfully copied thousands of his photographs and used them to promote their real estate brokerage website, www.condoblackbook.com. [ECF No. 6 at 1]. He alleges Defendants never obtained a license from Plaintiff and have even added their own false copyright management information in the form of a watermark to hundreds of Plaintiff's photographs on their site. [*Id.*]. According to Plaintiff, Defendants operates a real estate brokerage firm which advertises real estate properties on its website and provides real estate services to consumers in this district. [ECF No. 8-1 at 2].

Shortly after filing the Complaint, Plaintiff filed this *ex parte* Motion asking the court to: (1) temporarily restrain Defendants and their agents from any continued infringing of Plaintiff's original photographs; (2) to enjoin them from any further sales or real estate that use his original photographs; (3) order Defendants to preserve a true and correct complete copy of their website, including but not limited to all photographs and real estate listings thereon; and (4) restrain Defendants from temporarily removing, discarding, altering destroying, transferring or disposing in any manner any files related to Defendants' real estate business. [ECF No. 8 at 1–2]. Plaintiff also requests that the court order that all Defendants' assets be "frozen and restrained" and ask for "a full accounting of the restrained assets." [ECF No. 8 at 2].

Without providing any specific reasons, Plaintiff claims *exparte* relief is necessary because Defendants will likely conceal and/or destroy evidence of their infringing behavior as well as their business records and will likely hide, transfer, or otherwise dispose of their assets. He claims Defendants have ignored his multiple attempts to resolve the matter prior to litigation and continue

2

to add additional illegal copies of his photographs to their website after receiving repeated demands to cease and desist. [ECF No. 8 at 2]. Attached to the Motion is a declaration by Plaintiff's Counsel, Sarah M. Stemer, attesting that "Defendants have completely ignored Plaintiff's repeated demands that they cease their widespread infringement, continuing the uncontrolled display and distribution of infringing photographs on their website, thereby diminishing Plaintiff's ability to control and enforce his copyrights." [ECF No. 8-2 ¶ 5].

Regarding Rule 65(c)'s requirement to post a bond, Plaintiff argues it is unnecessary because there is "no proof of likelihood of harm or showing of probable loss." *Bivins v. Bd. of Pub. Ed. & Orphanage for Bibb Cnty.*, 284 F. Supp. 888, 898 (M.D. Ga. 1967). Plaintiff argues Defendants will suffer no lawfully cognizable harm because any revenues generated by Defendants' website are the fruit of unlawful behavior. He adds Defendant cannot claim they will suffer harm by being ordered to stop infringing. [ECF No. 8 at 11].

## I.   DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure provides, in part, that a temporary restraining order may be granted without written or oral notice to the opposing party or that party's counsel where "it clearly appears from the specific facts shown by affidavit . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b); see also *Venus Fashion, Inc. v. Changchun Chengji Tech. Co.*, No. 16-CV-61752, 2016 WL 8678883 (S.D. Fla. Sept. 12, 2016).

In order to obtain a preliminary injunctive relief, Plaintiff must establish that: (1) there is a likelihood that Plaintiff will succeed on the merits at the trial of this action; (2) Plaintiff will suffer irreparable injury if Defendants are not enjoined; (3) the injury to Plaintiff outweighs the threatened harm an injunction would cause to Defendants; and (4) the injunction would not

disserve the public interest. *See Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets); *see also E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imps., Inc.*, 756 F.2d 1525, 1530 (11th Cir. 1985). Additionally, a court may issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A court has discretion in setting the amount of a bond and may even choose to set no bond. *BellSouth Telecomms, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

Plaintiff's request is deficient because Plaintiff has failed to fully satisfy these requirements. First, counsel's declaration does not set forth the reasons why notice should be excused under the circumstances of this case and only states in a conclusory manner that Defendants will hide, transfer, or dispose of their assets. Further, counsel did not discuss good faith efforts to provide Defendants with notice. Counsel simply declared that "Defendants have completely ignored Plaintiff's repeated demands that they cease their widespread infringement . . .." [ECF No. 8-2 ¶ 5]. Without more, the Court is unpersuaded that Plaintiff has complied with the requirements to obtain *ex parte* relief. *See Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, No.

8:18-CV-2147-T-33SPF, 2018 WL 4103560 (M.D. Fla. Aug. 29, 2018), at *3 (explaining failure to provide information required under Rule 65(b)(1)(B) is fatal to TRO request without notice).

Second, the Court is unpersuaded that bond should not be required in this case. Plaintiff argues it is unnecessary because Defendants should not be allowed to profit from their infringement, but this argument alone does not show the Court how Defendants would suffer no harm if an injunction were improvidently issued. The better measure is to require Plaintiff to pay a bond to mitigate any harm Defendants would face if it were later determined that the injunctive relief was improper. *See Tucker v. Blackfisk Marine, LLC*, No. 22-CV-61953, 2023 WL 141980 (S.D. Fla. Jan. 10, 2023) (explaining that a nominal bond in the amount of $5,000 constituted sufficient security for purposes of entering a TRO).

In sum, Plaintiff has not established that a temporary restraining order should be granted *ex parte*. The Court is mindful that an *ex parte* temporary restraining order is "an extreme remedy to be used only with the utmost caution," and therefore **RECOMMENDS** that Plaintiff's Motion for a TRO be **DENIED**. *Tempur-Pedic North America, LLC*, No. 8:18-CV-2147-T-33SPF, at *3. However, Plaintiff's allegations of Defendants' wrongful use of his photographic images warrant an expedited hearing of his request for a preliminary injunction. As result, the Court **RECOMMENDS** that Defendants be given notice and Plaintiff's request for a preliminary injunction hearing regarding the requested relief be held before the undersigned on **May 23, 2023, at 10:00 a.m**. If the district court adopts this recommendation, Plaintiff should be **INSTRUCTED** to **SERVE** upon Defendants a copy of the order and the Complaint without delay.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has **THREE** (3) days from the date of this Report and Recommendation to serve and file written objections, if

any, with the District Judge.[1] *See generally Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 1st day of May 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

---

[1] Because this Report and Recommendation stems from an *ex parte* application, the Undersigned is shortening the normal objection period for Plaintiff, and Defendants will not have the opportunity to object to the Undersigned's recommendations because of the *ex parte* nature of Plaintiff's request for a temporary restraining order.