UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21271-ALTMAN/Reid

**JONPAUL NADEAU**,

   *Plaintiff*,

v.

**CONDO BLACK BOOK, LLC,** *et al.*,

   *Defendants.*

_____/

## ORDER

The Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, and Asset Freeze (the "Motion") [ECF No. 8]. We referred that Motion to United States Magistrate Judge Lisette M. Reid for a report and recommendation (R&R) on the request for a temporary restraining order. *See* Order of Referral [ECF No. 12]. Magistrate Judge Reid issued an R&R [ECF No. 13], in which she recommended that we **DENY** the Plaintiff's Motion for Temporary Restraining Order. *Id.* at 1. Magistrate Judge Reid also warned the parties as follows:

> Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has **THREE** (3) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. [Footnote 1: Because this Report and Recommendation stems from an *ex parte* application, the Undersigned is shortening the normal objection period for Plaintiff, and Defendants will not have the opportunity to object to the Undersigned's recommendation because of the *ex parte* nature of Plaintiff's request for a temporary restraining order.] *See generally Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Id.* at 5–6. More than three days have passed, and the Plaintiff has not objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 13] is **ACCEPTED and ADOPTED** in full.

2. The part of the Plaintiff's Motion that requested a Temporary Restraining Order is **DENIED**.

3. The Plaintiff's Motion for Preliminary Injunction is set for a hearing before U.S. Magistrate Judge Reid on **May 23, 2023**, at **10:00 a.m.**

4. By **May 10, 2023**, the Plaintiff must serve the Defendants with the Complaint, the Motion, the R&R, and this Order.

**DONE AND ORDERED** in the Southern District of Florida on May 5, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record